IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANGELITA Y. ROBINSON,            )
                                 )
            Plaintiff,           )
                                 )
      v.                         )      1:13CV729
                                 )
PEPSI BOTTLING GROUP; PEPSICO,   )
INC.; PEPSICO CHICAGO; and       )
PEPSI AMERICA'S BEVERAGES,       )
                                 )
            Defendants.          )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

Before the court in this employment action are several motions.  Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), Defendants Pepsi Bottling Group, PepsiCo, Inc., PepsiCo Chicago, and Pepsi America's Beverages (collectively "Pepsi") move to dismiss *pro se* Plaintiff Angelita Y. Robinson's various discrimination and retaliation claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e <u>et seq.</u>  (Docs. 12 & 28.)  After Pepsi filed its initial motion to dismiss (Doc. 12) Robinson's original complaint (Doc. 2), Robinson moved to amend her complaint (Doc. 17) and filed an amended complaint (Doc. 19).  Pepsi subsequently moved to dismiss the amended complaint on the same grounds.  (Doc. 28.)  Robinson has filed two documents that appear to be response briefs but also seek leave to amend her

complaint yet again. (Doc. 36 & 37.) Pepsi also moves to strike a supplemental brief filed by Robinson. (Doc. 43 (Robinson's filing); Doc. 45 at 9-10 (motion to strike).) In connection with her motions, Robinson has also filed three motions to seal documents. (Docs. 20, 33, & 41.) Finally, Pepsi moves for a hearing on all pending motions (Doc. 46), which Robinson does not oppose (Doc. 48).

For the reasons set forth below, Robinson's motion to file her amended complaint will be granted for the purposes of considering Pepsi's second motion to dismiss, and Robinson's motions to seal will be granted in part and denied in part. Because the amended complaint fails under Rule 12, Pepsi's second motion to dismiss will be granted and the case dismissed. Robinson's request for further amendment will be denied. These rulings render Pepsi's first motion to dismiss (Doc. 12), having been superseded by the second motion to dismiss, moot. The facts and legal issues are adequately presented on the record, so the court discerns no need for a hearing.

I. **BACKGROUND**

In her amended complaint, Robinson alleges that Pepsi discriminated against her on the basis of her race and sex, created a hostile work environment on account of her race and sex, forced her to resign, and retaliated against her for filing a charge of discrimination with the United States Equal

Employment Opportunity Commission ("EEOC"). (Doc. 19 at 4, 6.) She claims that she resigned "under duress," and then Pepsi took several actions that amounted to "intentionally interfering with potential employment." (Id. at 5.) Such actions included "intentionally ignor[ing] [Robinson's] initiative of getting [her] 401K," and "refus[ing] to give [an] end date in writing." (Id.) The amended complaint provides no facts relating to the discrimination, constructive discharge, or hostile work environment claims except to state that Robinson resigned "under duress."

Robinson filed her first EEOC charge on March 16, 2012, alleging race and sex discrimination and hostile work environment. (Doc. 2-2.) The charge details several incidents in the workplace that made Robinson feel uncomfortable. (Doc. 2-2 at 1; Doc. 2-1.) The EEOC dismissed her charge and mailed a right-to-sue letter on July 31, 2012. (Doc. 2-3.) Robinson subsequently filed another EEOC charge on January 24, 2013, claiming retaliation. (Doc. 2-5.) In that charge, she alleged she went on medical leave on or about March 7, 2012, and never returned to work. (Id. at 1.) Although she received a doctor's note that stated she could return to work on September 1, she instead faxed a letter of resignation to Pepsi on September 3, stating that she "resign[ed] under duress." (Id.) Robinson claims that she was "subjected to retaliatory harassment"

3

because she previously complained about workplace conditions and filed an EEOC charge. (Id. at 2.) The retaliatory harassment allegedly took four forms: (1) she was unable to withdraw her 401(k) funds from Fidelity until December 25, 2012, when Pepsi told Fidelity that she had separated from the company; (2) her 62 hours of vacation back-pay was not released until after she filed for unemployment in November 2012; (3) Pepsi claimed she was on unpaid leave after she resigned, but did not follow its own unpaid leave policy; and (4) she was not offered a severance package (although she conceded that severance is not mandatory). (Id.) The EEOC dismissed the second charge and mailed a right-to-sue letter on May 30, 2013. (Doc. 2-6.) Robinson subsequently filed her original complaint on August 30, 2013 (Doc. 2), and her amended complaint on December 2, 2013 (Doc. 19).

Pepsi moved to dismiss the amended complaint. (Doc. 28.) It contends Robinson's discrimination, hostile work environment, and constructive discharge claims are time-barred because she did not file a complaint within 90 days of receiving a right-to-sue letter from the EEOC. It further asserts that Robinson's retaliation claim should be dismissed because she failed to allege sufficient facts to make a *prima facie* retaliation case plausible. Robinson has responded (Docs. 36 & 37), and Pepsi has filed a reply (Doc. 39). Robinson then filed a "Motion and

Notice of Supplement to Defendants Motion to Dismiss," purportedly pursuant to Federal Rule of Civil Procedure 15(d). (Doc. 43.) Pepsi has moved to strike this filing. (Doc. 45 at 9-10.) Robinson has also filed three motions to seal documents. (Docs. 20, 33, & 41.)

## II. ANALYSIS

### A. Motions to Seal

As a threshold matter, the court considers Robinson's three motions to seal certain documents filed with her motions. The first motion asks the court to seal five exhibits submitted with the amended complaint. (Doc. 20.) Exhibits H and I referred to in the motion were filed with Robinson's brief in support of her motion to amend the complaint. (Doc. 18 at 6-9.)[1] Exhibit H is a doctor's note stating that Robinson could return to work on September 1, 2012, and Exhibit I is a notice advising Robinson of her COBRA insurance eligibility. Exhibits K and M were filed two days after the amended complaint.[2] Exhibit K is a letter from Renee W. Ballard, Pepsi's Director of Human Resources, to Robinson enclosing a check for $738.97 for unused paid time off. (Doc. 22 at 5.) Exhibit M appears to be a notice sent by the

---

[1] Exhibit L is not included and can be found nowhere on the record. Pepsi claims it was never served with the exhibit. Thus, Robinson's motion to seal this exhibit will be denied as moot.

[2] There is also a second Exhibit K, which is a response from Fidelity to Robinson's inquiry regarding her 401(k). (Doc. 18 at 10.)

5

EEOC of a scheduled mediation between Robinson and Pepsi on March 20, 2013. (Id. at 4.) All of these documents, with the exception of the EEOC mediation notice, are referred to in the amended complaint. (Doc. 19 at 5.)

The second motion asks the court to seal eight documents submitted with the motion. (Doc. 33.) None of the documents are referred to in the amended complaint, and several are Pepsi's official employment policies. (Docs. 34-1 through 34-8.)

The third motion seeks to seal four unredacted documents. (Doc. 41 (motion); Docs. 42, 42-1, 42-2, & 42-3 (unredacted documents).) Robinson would replace the unredacted documents with redacted versions, as she claims the redacted information is confidential. (Docs. 41-2 through 41-5 (redacted documents).) The first document is a letter sent by Robinson on August 8, 2012, declaring her intention to appeal the termination of her short-term disability payments. (Docs. 41-2 & 42.) The second document is Robinson's doctor's certification for leave under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. (Docs. 41-3 & 42-1.) The final two documents are notifications from Fidelity regarding Robinson's attempt to access her 401(k). (Docs. 41-4, 41-5, 42-2 & 42-3.)

The First Amendment provides the public a right to access documents filed in connection with a dispositive motion in a

6

civil case. ATI Indus. Automation, Inc. v. Applied Robotics, Inc., 801 F. Supp. 2d 419, 427 (M.D.N.C. 2011) (citing Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 252-53 (4th Cir. 1988)). A denial of access "must be necessitated by a compelling government interest and narrowly tailored to serve that interest." Rushford, 846 F.2d at 253. The burden falls on the party seeking to keep the information sealed. Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004).

Robinson asserts that the documents contain confidential information and would place her at a disadvantage if they are revealed. The court has carefully read the documents and concludes that, with the exception of the documents for which Robinson has filed redacted substitutes, none of the filings should be sealed. In particular, several of the documents attached to the second motion are Pepsi's employment policies and contain no confidential information. (Docs. 34-1 & 34-3 through 34-7.) The remaining documents attached to that motion are not confidential: Robinson's performance evaluations (Doc. 34-2) contain no sensitive information, and the final document is a letter from Ballard inquiring into Robinson's employment status which contains no information not included in the pleadings (Doc. 34-8). There is also no compelling interest in sealing any of the documents connected with the first motion. The documents contain no sensitive information, and, in any

7

event, sealing the entire document would not be a narrowly tailored means of protecting any information Robinson would like sealed. However, the court will grant Robinson's third motion, because she has filed redacted versions of the documents she seeks to have sealed. The redactions are narrowly tailored to delete a small amount of non-essential information. Thus, the court will seal Documents 42, 42-1, 42-2, and 42-3.

**B. Motion to Dismiss**

**1. Standard of review**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (quoting Twombly, 550 U.S. at 557).

In addressing this case, the court is mindful that it must construe *pro se* litigants' complaints liberally, thus permitting a potentially meritorious case to develop if one is present.

8

Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this does not require that the court become an advocate for the unrepresented party. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). "Only those questions which are squarely presented to a court may properly be addressed." Id.

### 2. Statute of limitations

Pepsi contends that all claims except the retaliation claim are barred because the complaint was not timely filed. In her response, Robinson asks for "leave to amend to clarify" these claims; however, Robinson provides absolutely no explanation, clarification, or proposed amended complaint. (Doc. 37 at 2-3.) Pepsi argues that even if she had properly moved to amend her complaint once again, Robinson cannot overcome the fact that her original complaint in this case was filed over a year after her initial right-to-sue letter was mailed.

A Title VII plaintiff must file suit within 90 days of receipt of the EEOC right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). While this requirement acts as a statute of limitations rather than a jurisdictional bar, see Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982), Robinson has alleged no circumstance that would merit tolling of the limitations period. Because this lawsuit was initiated on August 30, 2013, over a year after Robinson received her July 31, 2012 right-to-

9

sue letter, her claims asserted in the first EEOC charge are time-barred.

Robinson's second EEOC charge does claim that she "resigned under duress." (Doc. 2-5 at 1.) To the extent this constructive discharge claim is considered not to be time-barred because it was asserted in the second EEOC charge, the allegations in the amended complaint fail to state a plausible constructive discharge claim. In order to demonstrate constructive discharge under Title VII, an employee must show that Pepsi created working conditions so intolerable that a reasonable person would have been compelled to resign. See Heiko v. Colombo Sav. Bank, F.S.B., 434 F.3d 249, 262 (4th Cir. 2006); McMillian v. Lab. Corp. of Am., 399 F. Supp. 2d 670, 674 (M.D.N.C. 2005). Robinson's conclusory allegation that she "resigned under duress" is insufficient to state a claim for constructive discharge.

In a last ditch effort to avoid this result, Robinson seeks leave to amend her complaint yet again "to clarify" her allegations in response to Pepsi's arguments. (Doc. 36 at 4; 37 at 3.) Ordinarily, a motion to amend should be liberally granted. However, Robinson has already amended her complaint once, after Pepsi briefed its motion to dismiss. In the current request, she has not filed a proposed amended complaint that cures the defects noted, nor has she even forecasted any factual

or other allegation to warrant further delay or denial of the motion to dismiss. This district's Local Rules require a proposed amended pleading to be attached to any motion for leave to amend a pleading. L.R. 15.1. The obvious purpose is to avoid having cases thrust into limbo on such generalized requests that may later prove unsupported. Consequently, Robinson's request for further amendment will be denied. U.S. ex rel. Rostholder v. Omnicare, Inc., 745 F.3d 694, 703 (4th Cir. 2014) (finding no abuse of discretion in denying request to file third amended complaint where party did not comply with local rule requiring filing of proposed amended pleading).

Therefore, Pepsi's motion to dismiss any disparate treatment, hostile work environment, and constructive discharge claims in the amended complaint will be granted.

### 3. Retaliation claim

After dismissal of the claims asserted in the first EEOC charge, Robinson is left with her retaliation claim in the second EEOC charge. Because she filed her original complaint on August 30, 2013, less than 90 days after receiving her right-to-sue letter for that charge, the retaliation claim is not time-barred. The second charge alleged discrimination beginning on September 3, 2012, the date Robinson resigned from Pepsi. (Doc. 2-5.)

In order to make out a *prima facie* retaliation claim, Robinson must allege that (1) she engaged in a protected activity; (2) Pepsi took an adverse employment action against her; and (3) there was a causal link between the two events. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 410 (4th Cir. 2013). While Robinson alleges that she filed an EEOC charge, which constitutes protected activity, she has failed to allege any facts that could plausibly amount to an adverse employment action. The amended complaint is largely unintelligible. It includes conclusory allegations such as claims that Pepsi "caused interference with [Robinson's] other employment prospects." (Doc. 19 at 4.) The only factual allegation consistent with a retaliation claim is that Pepsi "intentionally ignored [Robinson's] initiative of getting [her] 401K." (Id. at 5.) However, Robinson claimed in her EEOC charge that she was able to withdraw from her 401(k) beginning on December 25, 2012. (Doc. 2-5 at 2.) Robinson has not alleged in the amended complaint any action Pepsi took to prevent her from doing so. Even construing the amended complaint liberally in deference to Robinson's *pro se* status, it fails to allege a plausible retaliation claim. Thus, Pepsi's motion to dismiss the retaliation claim will be granted.

C. **Motion to Strike**

Pepsi moved to strike Robinson's "Motion and Notice of

Supplement Response to Defendants Motion to Dismiss" pursuant to Federal Rule of Civil Procedure 12(f) on the ground it constitutes an impermissible surreply. The court's Local Rules "only allow for the filing of a motion, a response to a motion, and a reply." DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010) (citing Local Rules 7.3 & 56.1). Unless new arguments are asserted in the opposing party's reply brief, there is no right to file a surreply. Id. Because Robinson's filing constitutes a surreply and no new arguments were raised in Pepsi's reply brief, Pepsi's motion to strike will be granted.[3]

## III. CONCLUSION

For the reasons stated, therefore,

IT IS ORDERED that Robinson's first two motions to seal (Docs. 20, 33) are DENIED, her final motion to seal (Doc. 41) is GRANTED, and her motion to amend the complaint (Doc. 17) is GRANTED for the purpose of considering Pepsi's second motion to dismiss (Doc. 28).

IT IS FURTHER ORDERED that Pepsi's first motion to dismiss (Doc. 12) is DENIED AS MOOT, its second motion to dismiss (Doc. 28) is GRANTED, its motion to strike (Doc. 45 at 9-10) is

---

[3] Robinson purports to file the Supplement pursuant to Rule 15(d). However, that Rule only applies to supplemental pleadings describing events "that happened after the date of the pleading to be supplemented." The substance of the Supplement filed by Robinson does not contain any new events; it thus cannot be a supplemental pleading under Rule 15(d).

13

GRANTED, its motion for a hearing (Doc. 46) is DENIED insofar as a hearing would not aid in the decisional process, and the case is DISMISSED WITH PREJUDICE.

                                    /s/   Thomas D. Schroeder
                                    United States District Judge

May 19, 2014